# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In re the Matter of<br>Personal Restraint Petition of<br><br>JACOB ALLEN SQUIBB,<br><br>                 Petitioner. | No.  48260-6-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J.  —  Jacob Squibb seeks relief from personal restraint imposed following his convictions in 2000 of two counts of first degree child molestation, four counts of first degree rape of a child, and one count of second degree child molestation in cause number 99-1- 00137-5, and three counts of first degree rape of a child and one count of first degree child molestation in cause number 99-1-00295-9.[1]  He argues that his judgments and sentences are facially invalid because

---

[1] Squibb originally filed this petition in the trial court as a motion to vacate judgment and sentence and restitution.  The trial court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition.

they each contain a $1,000 jail recoupment fee.[2]  He contends that the statute authorizing such fees, former RCW 9.94A.145 (2000), became effective on July 1, 1990, after the dates of his crimes.  LAWS OF 1989, ch. 252.  The State concedes that the jail recoupment fees were improperly imposed and asks that we remand the judgments and sentences to the trial court for vacation of the fees.  We accept the concession.  Accordingly, Squibb's personal restraint petition is granted in part.  His judgments and sentences are remanded to the trial court for vacation of the jail recoupment fees.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MELNICK, J.

We concur:

_____
WORSWICK, P.J.

_____
SUTTON, J.

---

[2] Squibb also argues that the restitution ordered in each judgment and sentence should be vacated because no restitution hearing was held.  But no restitution orders were ever entered against Squibb, so that claim is dismissed.  He also argues that the statute of limitations had run on the charges in cause number 99-1-00137-05.  But that claim is also made in his petition filed under 48663-6-II, which has been transferred to the Washington State Supreme Court as a successive petition.  Thus, this opinion does not address that claim.